Case No. CV 16-8588-MWF (MRWx)            Date:  April 26, 2017
Title:     L.D. v. Los Angeles Unified School District

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                                        None Present

PROCEEDINGS (IN CHAMBERS):  ORDER RE DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION [12]

Before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction, filed on March 24, 2017.  ("the Motion," Docket No. 12).  Plaintiff filed an Opposition and Defendant filed a Reply.  (Docket Nos. 13–14).  The Court held a hearing on April 24, 2017.

Having read and considered the briefs, the Court **GRANTS** the Motion and the action is **DISMISSED** *without prejudice* to Plaintiff refiling the case once all claims have been properly exhausted.

## I.     BACKGROUND

Plaintiff is a sixth-grade student at Shirley Avenue Elementary School. (Complaint, Docket No. 1, ¶ 1).  Plaintiff has Down syndrome and is considered a disabled student pursuant to the Rehabilitation Act and the Americans with Disabilities Act ("ADA").  (*Id.* ¶ 2).  Defendant held an Individualized Education Program ("IEP") meeting for Plaintiff on May 5, 2014, to address certain behavioral issues.  (*Id.* ¶ 8). Plaintiff's parents felt that Defendant was not providing appropriate support for Plaintiff, so they filed for due process against Defendant, an administrative proceeding in the Office of Administrative Hearings ("OAH").  (*Id.* ¶ 12).  The parties reached a settlement agreement that requires Defendant to provide certain services to Plaintiff to assist with his behavioral issues at school.  (*Id.*).

Plaintiff's Complaint alleges Defendant has failed to comply with that settlement agreement, and raises a claim for discrimination under the ADA and a claim for a violation of the Rehabilitation Act.  The Complaint cites an incident in which Plaintiff broke his leg in a fall at school as evidence of discrimination.  (*Id.* ¶ 19).

## II.     LEGAL STANDARD

Defendant's Motion is nominally brought under Rule 12(b)(6) for failure to state a claim.  The Motion is directed, however, at the lack of subject matter jurisdiction, which would indicate a Rule 12(b)(1) action. If a defendant seeks to challenge not the plaintiff's substantive allegations but the Court's subject matter jurisdiction, the motion to dismiss must be brought under Rule 12(b)(1).  A jurisdictional attack under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, the complaint's allegations must be accepted as true.  *Id*.  But "in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*.  In that case, facts tending to prove or disprove jurisdiction "are not afforded presumptive truthfulness." *Young v. United States*, 769 F.3d 1047, 1052 (9th Cir. 2014).

When jurisdictional facts are "'so intertwined' with the substantive dispute that resolution of the former depends, at least in part, on resolution of the latter," it may be inappropriate to resolve factual issues at the motion to dismiss stage.  *Id*. (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)).  In that case, "a court should employ the standard applicable to a motion for summary judgment because resolution of those jurisdictional facts is akin to a decision on the merits." *Id*.  The moving party should prevail only if those facts relevant to jurisdiction are not in dispute.  *Id*.

## III.    ANALYSIS

Defendant argues that Plaintiff's Complaint actually seeks to litigate the adequacy of the free appropriate public education ("FAPE") provided by Defendant to Plaintiff.  If that's the case, then Plaintiff must first exhaust his claims through the

administrative procedures established by the Individuals with Disabilities Education Act ("IDEA").  *See* 20 U.S.C. § 1412(*l*) ("[B]efore the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.").  The IEP is the "centerpiece of the statute's education delivery system," and "serves as the 'vehicle' or 'means' of providing a FAPE."  *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 753 (2017) (quoting *Honig v. Doe*, 484 U.S. 305, 311 (1988)).  A suit that "seek[s] relief for the denial of a FAPE" must meet this exhaustion requirement.  *Id.*  "[I]n determining whether a suit indeed 'seeks' relief for such a denial, a court should look to the substance, or gravamen, of the plaintiff's complaint."  *Id.*  Thus, the inquiry does not hinge on whether a complaint uses the words "FAPE" or "IEP" specifically.  *Id*.

The Supreme Court has recently provided some helpful "clues" as to whether a complaint concerns denial of a FAPE, or "instead addresses disability-based discrimination."  *Id.* at 756.  These clues come in the form of two questions a court should ask when analyzing a child's complaint: (1) "could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school," and (2) "could an *adult* at the school—say, an employee or visitor— have pressed essentially the same grievance?"  *Id.* (emphasis in original).  If the claims could only be brought at a school, and only by a child, then the complaint "probably does concern a FAPE, even if it does not explicitly say so."  *Id.*

Addressing those two questions here, the Court concludes Plaintiff really seeks relief under IDEA, and must first exhaust his claims.  First, Plaintiff's claims center on his IEP and his behavioral issues at the school, claims which could not be brought against any other "public facility."  The Complaint alleges the "level of behavior support" from Defendant has been inadequate, and that Defendant failed to address Plaintiff's parents' concerns regarding Plaintiff's behavioral issues in his IEP meeting.  (Complaint ¶¶ 7–8).  The Complaint also specifically alleges Defendant's lack of support did not allow Plaintiff to "access his academic curriculum and make progress."

(*Id.* ¶ 11). These claims are focused on Plaintiff's experience at school and would make no sense outside that context.

Second, an adult could not have brought Plaintiff's claims. As discussed, the claims focus solely on Plaintiff's IEP and the inadequacy of the educational support provided by Defendant.

The Supreme Court also noted that the "history of the proceedings" might shed light on whether a plaintiff's claims concern denial of a FAPE, particularly in cases where "a plaintiff has previously invoked the IDEA's formal procedures to handle the dispute." *Fry*, 137 S. Ct. at 757. Here that is precisely what occurred when Plaintiff's parents initially pursued administrative remedies to handle their dispute with Defendant.

Plaintiff's Complaint here makes one claim that is arguably directed at discrimination: "Plaintiff has been denied and excluded from access to the Defendant's Program, which would provide Plaintiff a less confining program that satisfies Plaintiff's needs." (*Id.* ¶ 18). The Complaint never specifies what "program" Plaintiff is referring to, nor are there any factual allegations to support the claim.

The Court concludes that Plaintiff's Complaint actually concerns an alleged denial of a FAPE as required by the IDEA, and thus that Plaintiff was required to exhaust his claims administratively prior to bringing them in federal court.

Defendant further argues that Plaintiff has failed to exhaust his claims here. In his short Opposition Plaintiff responds merely that exhaustion is not required in this case. He does not seem to take issue with Defendant's assertion that exhaustion has not, in fact, occurred. Courts addressing similar fact patterns have found a lack of exhaustion when a student and the school district have previously entered into a settlement agreement, and the student subsequently alleges a violation of that agreement. *See, e.g.*, *J.P. v. Cherokee Cty. Bd. of Educ.*, 218 F. App'x 911, 913 (11th Cir. 2007) (affirming dismissal of suit where "[i]t was undisputed that the only request for a due-process hearing relating to J.P.'s FAPE occurred in proceedings that took

place in 2001 and resulted in a settlement agreement as to the claims asserted in the 2001 complaint.  The instant claims, by contrast, concern whether Defendants' actions in November 2003 violated the IDEA and constituted a breach of the provisions of the settlement agreement"); *Pedraza v. Alameda Unified Sch. Dist.*, 2007 WL 949603, at *5 (N.D. Cal. Mar. 27, 2007) (holding IDEA's exhaustion requirement was not met when parties entered into a mediated settlement agreement).  Here, Plaintiff's claims concern an alleged breach of a settlement agreement reached in 2014.  He never filed an administrative complaint with Defendant regarding any breach of the settlement agreement.  Those claims have not been exhausted as required by the IDEA.

At the hearing, Plaintiff's counsel mentioned a different settlement agreement signed by the parties in September 2015.  This settlement is not discussed in Plaintiff's pleadings or his briefing on this Motion.  The Court has no way of knowing what the settlement encompassed.  Counsel seemed to assert that the settlement foreclosed suit under the IDEA, and that this fact should somehow support allowing this lawsuit to go forward under the current claims for relief.  Even considering this settlement, which was never brought to the Court's attention prior to the hearing, the fact remains that Plaintiff's suit is really one for relief under the IDEA, as discussed above.  Dismissal to allow for exhaustion is the proper course of action.

## IV.   CONCLUSION

Accordingly, the Court concludes that Plaintiff's claims must be exhausted administratively before they may be brought in federal court.  In addition, the Court concludes that Plaintiff has not exhausted those claims.  The action is **DISMISSED** *without prejudice* to Plaintiff's refiling his claims once exhaustion has occurred.

IT IS SO ORDERED.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this order, and its entry on the docket, as an entry of judgment.